# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSH PASTOR,

    Plaintiff,

v.

SANTANDER CONSUMER USA, INC.

    Defendant.

Case No.:

JURY TRIAL DEMANDED

## COMPLAINT

JOSH PASTOR ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SANTANDER CONSUMER USA, INC. ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Natrona Heights, Pennsylvania.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 565 Fifth Avenue, New York, NY 10017.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in November 2014, Defendant placed repeated telephone

calls to Plaintiff's cellular telephone.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew Defendant was utilizing an automatic telephone dialing system because there was a period of silence or delay before the calls would either terminate or he would be transferred to a caller.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an auto loan.

16. During the month of November 2014, Plaintiff spoke with Defendant and revoked any consent that may have been given to Defendant to call his cellular telephone number.

17. Plaintiff also told Defendant's representatives that his wife was ill, and he could not afford to make payment.

18. Defendant proceeded to ignore Plaintiff's revocation and continued to place repeated calls to his cellular telephone.

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

21. Defendant's calls to Plaintiff were not made for emergency purposes.

22. Defendant's calls to Plaintiff, on and after November 2014, were not made with Plaintiff's prior express consent.

23. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

24. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

25. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, JOSH PASTOR, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JOSH PASTOR, demands a jury trial in this case.

Respectfully submitted,

DATED: February 26, 2016

By: /s/ Craig Thor Kimmel, Esquire
Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: kimmel@creditlaw.com
Attorney for Plaintiff